No. 30,732.

H. J. PUTNAM et al., *Appellees*, v. THE CITY OF SALINA et al., *Appellants*.

No. 30,733.

L. C. HOUSEL et al., *Appellees*, v. THE CITY OF SALINA et al., *Appellants*.

(22 P. 2d 957.)

Opinion on motion for modification of judgment filed June 10, 1933. (For original opinion of affirmance, see 136 Kan. 637, 17 P. 2d 827.)

*W. S. Norris,* of Salina, for the appellants.

*C. W. Burch, B. I. Litowich, LaRue Royce, L. E. Clevenger* and *E. S. Hampton,* all of Salina, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: In these appeals a reargument was ordered on appellants' motion to modify our opinion and judgment, filed January 7, 1933. (*Putnam v. City of Salina,* 136 Kan. 637, 17 P. 2d 827.)

The motion was predicated on the fact that, contrary to the opinion and judgment of the trial court, the statute, chapter 87 of the Laws of 1917, with its subsequent amendments, as it now appears in R. S. 12-635 *et seq.,* and R. S. 1931 Supp. 12-645, is valid; and so far as the judgment of the trial court was based upon its assumption that the statute as amended was invalid, it was erroneous. But on account of other irregularities alleged in plaintiff's petitions, which involved issues of fact and which were supported by evidence and not subject to our review because of the limited appeals the defendants chose to bring to this court, the judgment of the trial court enjoining a certain project of flood control set on foot by defendants under resolution No. 466, adopted by the city of Salina on March 18, 1929, and city ordinances Nos. 3837 and 3883, enacted pursuant thereto, was affirmed.

It is now suggested that since the statute has been held valid, this resolution and these ordinances should likewise be held valid, so that the city may go ahead with this proposed flood-control project if and when it sees fit to do so, and that this court should redraft the trial court's decree of injunction to limit its scope accordingly.

But owing to the limited record presented for appellate review, this court does not have the requisite facts before it upon which to formulate a modified injunction with justice to everybody concerned. While this court upheld the statute which the trial court regarded as invalid, it is a familiar rule of appellate courts that a judgment may be altogether correct although the reasoning processes by which it is arrived at may be more or less unsound. (*State, ex rel., v. Iola Theater Corp.*, 136 Kan. 411, 414, 15 P. 2d 459.)

This court has no way of telling what rights of property owners have rested in the security of the trial court's injunctive decree and which might be affected by any further modification of that injunction at this late date. We therefore conclude that if and when the city of Salina again sets about some project of flood protection under authority of this statute, it will be more just for all concerned, and less likely to involve the city in litigation over the scope of matters already adjudicated in these actions to commence anew.

Counsel criticize a remark in our opinion wherein we took notice of the legal question raised by the pleadings—whether under this project of flood control bonds could be issued for bridges without a vote of the people. Our remark is characterized as dictum. Dictum, however, in legal parlance is a statement of law in a court's opinion which is not necessary to the decision of the matter in controversy. It seems to us that a careful perusal of our opinion will not justify the charge that it contains any dictum on the question of issuing bridge bonds without a vote of the people. That question was one of several included in the joinder of issues of law which the trial court did not decide because of its holding that the entire statute was unconstitutional. This court could not assume that the question of issuing bridge bonds without a vote of the people had been raised merely to annoy the defendants. And while we could not decide this question we could hardly refrain from observing that nothing was settled concerning it in this litigation.

Counsel for defendants also suggest that we should give assurance that nothing in our opinion should hereafter be construed to hold that the general mass of real and personal property within the city cannot be taxed to pay the city's share of the benefit conferred on any public property situated within the flood-control district. It seems to us that if we should now venture on further discussion of that subject—not necessary to the decision of the matters presented

for our review in these appeals—it would indeed be dictum, not binding on anybody, not even on the court itself when it may be further enlightened by briefs and arguments of counsel and mature consideration and when it becomes a question squarely presented for decision.

The motion to modify the opinion is denied.

BURCH, J., not sitting.